29 C.C.P.A.(Patents)

## In re EDMUNDS.

### Patent Appeal No. 4523.

Court of Customs and Patent Appeals.

Feb. 2, 1942.

Fred Gerlach, of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office rejecting certain claims of a reissue application for new and useful improvements in a "Mixture for the Production of Malleable Iron". Claims 1 and 2, and 13 to 20 inclusive were rejected by the Primary Examiner because of the failure of appellant to make certain claims of the cited reference suggested for the purpose of an interference. Claims 3 to 12 inclusive were allowed.

Claims 1 and 20 illustrate the nature of the involved subject matter and read as follows:

"1. A malleablized cast ferrous alloy comprising 1% to 1.8% carbon, 1.5% to less than 2% silicon, effective amounts up to. not over 1.4% manganese and the balance substantially all iron." .

"20. A hot worked ferrous alloy comprising carbon 1% to 1.70% and silicon in effective amounts up to 2%, manganese not over 1.4%, the balance consisting substantially all iron, the carbon being present in part at least as nodular carbon substantially uniformly distributed throughout the metal."

The cited reference is: Bonte 2,087,764, July 20, 1937.

The application relates to a mixture for the production of malleable iron which is suitable for wear resisting use and which is machineable. In the specification of appellant it is stated that: "In general, the invention is directed primarily to a particular relationship of carbon and silicon, the other ingredients being present to give particular characteristics for particular purposes or merely as impurities. In this respect, the particular range of manganese recited is not essential to the invention in its broadest sense, but said range is the preferable one and could be varied or altered without departing from the spirit of the invention."

The patent to Bonte relates to the production of ferrous alloy articles and a method of manufacture thereof. In the patent it is set out that: "Having reference first to the use of silicon as a graphitizing element, its content is governed by the carbon content. With carbon within the preferred range of about 1.5 to 2.0 or 2.5 per cent it is, in general, preferred to use from about 0.6 to 0.9 per cent of silicon, this element being proportioned with regard to the carbon to effect the conditions stated hereinabove. A simple embodiment, and an advantageous one, is a plain carbon steel containing about 1.7 per cent of carbon and about 0.75 per cent of silicon."

And a further example of the alloy is set out as follows: "Thus, with carbon from 1.5 to 2.0 per cent, as much as 1.3 per cent of silicon may be used safely by increasing the manganese to about 1 per cent. Such a steel may be hot worked satisfactorily and subsequent graphitization caused, in accordance with the invention."

The examiner, in his letter finally rejecting the involved claims, observed that no showing had been made that the silicon content of the application is critical

and held the rejected claims unpatentable over the Bonte patent. He stated that appellant could make claims 15, 20 and 22 of the patent for the reason that they are for the same subject matter as are the rejected claims and that appellant could establish his rights to the claims of the patent only by an interference proceeding with the Bonte patent. Appellant failed to make the said patent claims, which read as follows:

"15. A hot worked and subsequently annealed article of manufacture, the article being formed from an iron-carbon alloy containing not less than about 1.5 per cent of carbon, a graphitizing element, such as silicon, so proportioned to the carbon that during the hot working of the alloy the carbon was substantially all in combined form and a substantial proportion of which is in graphitic form as a consequence of the annealing of the article, the remainder of the alloy being effectively iron."

"20. As a new article of manufacture, a hot worked graphitizable ferrous base alloy containing a graphitizing agent and more than about 1.5 per cent of carbon."

"22. A hot worked article formed of a ferrous base alloy containing more than 1.5 per cent of carbon, and a graphitizing agent in an amount adapted to permit graphitization of the article, a substantial amount of the carbon having been converted to the graphitic state."

Appellant contended below as he contends here that the Bonte patent is not a proper reference. His contention and the attitude of the Patent Office toward it are succinctly set out in the statement of the examiner as follows:

"It is believed that applicant does not question the fact that the claims read on this patent, and that the sole issue is whether or not this patent is available as a reference. Applicant contends that his earliest filing date anticipates the earliest filing date available to Bonte and thus Bonte is not a reference.

"It is the position of the Examiner that this contention is immaterial because Bonte is claiming the invention and applicant can make these claims for purpose of interference. Since applicant can make claims 15, 20 and 22 of Bonte, he cannot eliminate this reference by refusing to make these claims, regardless of the respective filing dates.

"The present application of Edmunds is a reissue of his patent which has a filing date subsequent to the filing date of the patent to Bonte. However, both claim the benefit of earlier filing dates. The present cases being continuations in part of older applications.

"If applicant can and should make the claims of Bonte, the question of filing dates is of course immaterial here, for in such a situation the right of applicant to the appealed claims can be determined only by interference.

"Applicant argues that he cannot and does not wish to make these claims for the reasons that: the claims of Bonte are not for the same invention and the claims are not patentable to him. The whole basis of his contention is that Bonte discloses and claims generic subject matter while applicant has claimed a species within the generic subject matter."

The Board of Appeals agreed that the examiner was justified in rejecting the appealed claims for the reason that appellant failed to copy the said patent claims.

It is on the limited amount of carbon claimed in the appealed claims that appellant bases his contention.

In the Bonte patent a carbon content of 1.5% to 2.5% is disclosed. Appellant discloses and claims a carbon content of from 1% to 1.8%. In claim 15 of the Bonte patent the carbon content claimed is "not less than about 1.5 per cent" and in claims 20 and 22 of said patent the amount of carbon claimed is more than 1.5%. Clearly the amount of carbon content in the suggested claims overlaps that in the claims on appeal since there is a mutual disclosure and claim of 1.5% to 1.8% of carbon.

Appellant contends that the claims on appeal are for a species contained within the generic subject matter disclosed by Bonte. We are not impressed with this contention but even if we held it to be good, it could be of no avail to appellant unless it appeared that the species involved invention over the genus.

We are of opinion that the argument of appellant, that he was the first to disclose the overlapping percentages of carbon and that therefore the later disclosure of the reference makes the cited art unavailable, is not well taken. The issue here is not who was the first inventor. That issue would be proper in an

inter partes case but not in an ex parte proceeding.

As we view the record, it is clear that the claims on appeal read on the Bonte patent. Consequently there can be nothing in the claims patentably distinct from the disclosure and suggested claims of the patent.

Appellant contends in his brief that he cannot make claims 15, 20 and 22 of the patent to Bonte. This contention is based upon the fact that there is no maximum range of carbon content set out in the said claims of the patent. Both the involved application and the Bonte patent relate to the hot working of malleable metal and the best product as to machine-ability and wear resistance is produced where the carbon content is low, 1% to 1.8% in the application and 1.5% up to 2.5% in the patent. It cannot be successfully contended, as appellant contends, that merely because the suggested claims contain no maximum carbon content that the said claims are for a different invention. The patentee, in practicing his invention to produce wear-resisting easily machined malleable iron, surely would not use a carbon content so high that the very qualities he sought in the product were impossible of attainment.

We do not think it material, as contended by appellant, that if the metal contains 2% or a greater amount of carbon, the ingot will show a distribution, or elongated threads, of excess carbon which produce directional weakness. Such defective metal was not sought by the reference patent, in disclosing and making claim to the very kind of product sought for and claimed by appellant. Furthermore, according to an affidavit filed on behalf of appellant, it was well known to all metallurgists that iron can only hold in solid solution a maximum of between 1.7% and 1.8% of carbon.

Since appellant refused to make the suggested claims, any subject matter thereof was in effect disclaimed. In so disclaiming appellant is entitled only to subject matter patentably different from that of the suggested claims which he refused to make, and the Bonte patent is properly considered as available prior art. In re Jardine and Cooper, 62 F.2d 194, 20 C.C.P.A., Patents, 761; In re Williams and McCabe, 62 F.2d 86, 20 C.C.P.A., Patents, 738.

Since in the Bonte patent the suggested claims specifically include the amount of 1.5% to 1.8% carbon content which is squarely within the same range claimed by appellant and since appellant has disclaimed, as aforesaid, the subject matter of the said claims of the patent, and we can see nothing in the appealed claims patentable over the subject matter of the suggested claims, the decision of the Board of Appeals is affirmed.

Affirmed.